MARY L. McNAMARA, Appellant, *v.* JAMES F. McNAMARA, Respondent.

First Department, March 3, 1939.

*Edward J. Clarke* of counsel [*Arthur F. Driscoll* with him on the brief; *O'Brien, Driscoll & Raftery*, attorneys], for the appellant.

*Joseph S. Catalano* of counsel *Lauson H. Stone* with him on the brief; *Ignatius & Stone*, attorneys], for the respondent.

DORE, J. In an action by a wife for specific performance of covenants of a separation agreement the Special Term dismissed the complaint and plaintiff appeals.

The parties were married in 1906 and this separation agreement was entered into between them about thirty years later on May 13, 1935. Under its terms the husband agreed to pay the wife $5,000 a year in equal monthly installments for her support and maintenance during the term of her natural life. The agreement further provides that before it became effective the husband should provide the wife a $25,000 life insurance policy in an approved company payable to her; he agreed " to keep the said insurance effective at all times during the life of Mrs. McNamara," the wife; and in the event that he was unable to procure such insurance policy he covenanted and agreed that he would deliver to the wife " a surety company bond in the sum of $25,000 issued by an approved surety company guaranteeing the faithful performance of the terms of this agreement," and guaranteeing the wife in the event of his death a cash payment of $25,000 as substitute for any interest she might have in his estate and for her support for the rest of her life. The contract further provides that immediately upon her death or remarriage or his death all obligations on his part shall cease except that if he dies before her she is to receive the $25,000 in cash from the insurance policy or the surety bond and if neither is in effect or produces the $25,000 cash then she shall have a claim against his estate for $25,000; but it is expressly provided that such contingent claim " shall not in any way impair Mr. McNamara's absolute obligation to provide and keep effective an insurance policy or a bond as hereinabove stipulated." Defendant took out a $25,000 life insurance policy in May, 1935, but allowed it to lapse by failure to pay the required premium on February 1, 1938.

On this state of facts plaintiff demands judgment against defendant directing him to reinstate the policy, or procure and deliver to plaintiff a similar policy or a $25,000 surety company bond guaranteeing to her full and faithful performance of the agreement and that amount in cash if defendant predeceases her.

Defendant contends that plaintiff is not in equity entitled to specific performance on the ground that he has fully performed and plaintiff has an adequate remedy at law. The Special Term sustained these contentions and dismissed the complaint.

The alleged performance in the alternative is the •procurement of the $25,000 insurance policy which was thereafter allowed to lapse. But the object sought to be secured by the agreement was a continuing life insurance policy procured and maintained by defendant during the life of the wife, and the agreement expressly provides that the husband is " to keep the said insurance effective at all times during the life of Mrs. McNamara." Obviously anything short of that is not performance. Defendant's interpretation of

the contract is without basis, clearly not within the contemplation of the parties, and indeed in violation of the express terms of defendant's covenant.

We also consider there is no merit to the contention that plaintiff has an adequate remedy at law. We are not here concerned with the form of the final decree but solely whether the complaint is sufficient as an equitable action for specific performance. We hold that the factual basis to support an action for specific performance is found within this separation agreement and the allegations of the complaint. Specific performance herein clearly is not inequitable, oppressive or unconscionable. The terms of the agreement are specific; there is mutuality of obligation; liquidated damages are not provided for and nominal damages in a suit at law cannot be deemed an adequate remedy. There is obviously at this time no way of measuring substantial damages of the plaintiff for the conceded breach by the husband, and accordingly in an action at law she could receive mere nominal damages, whereas in equity the relief granted may be molded to fit the exigencies of the case at the time of the decree. If at that time defendant cannot procure a revival of the insurance policy or a new policy or is unable to give required security for a bond of $25,000, equity can then grant relief to whatever extent it is satisfied by the proof that defendant is able to provide the security he expressly covenanted to provide, and thus enforce the agreement at least *pro tanto*, which would be to a greater extent than any remedy afforded by merely nominal damages at law.

We think the reasoning and the conclusion herein are sustained on the authority of *Greenleaf* v. *Blakeman* (40 App. Div. 371 [1st Dept.]; affd., 166 N. Y. 627), in which a husband's covenant in a separation agreement to give security for performance was enforced by an action in equity for specific performance.

The case of *Kiesewetter* v. *Kiesewetter* (256 App. Div. 914), decided by this court February 17, 1939, is clearly distinguishable on its facts. The first cause of action for the unpaid monthly payments and the second for alleged fraudulent conveyances in that case have no relation to any cause set forth in this complaint. As to the third cause of action to compel repayment of a loan made upon the insurance policy there in question, it appeared the wife had consented to the loan against the policy.

The order dismissing the complaint should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss denied, with leave to the defendant to answer within twenty days after service of order with notice of entry thereof, upon payment of said costs.

373

MARTIN, P. J., and CALLAHAN, J., concur; O'MALLEY and GLENNON, JJ., dissent and vote to affirm.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with leave to defendant to answer within twenty days after service of a copy of the order with notice of entry thereof, upon payment of said costs.