LEE F. PROUTY, Plaintiff, v. NATHANIEL DRAKE, Defendant.

Supreme Court, Special Term, New York County, August 30, 1955.

*T. Newman Lawler, Felix H. Kent* and *William J. Marlow* for defendant.

*Lewis S. Bowdish* for plaintiff.

MATTHEW M. LEVY, J. The plaintiff, now a resident of California, sues the defendant, now a resident of New York. In her complaint she alleges the following in substance: The plaintiff and the defendant were domiciled and married in New Jersey, and they continued their domicile there after marriage. Thereafter, the plaintiff sued the defendant in New Jersey for divorce upon the ground of adultery. By written stipulation the parties agreed, among other things, for payment of $63 weekly alimony to the plaintiff, for the payment by the defendant of $10,000 to the plaintiff (representing total advances made during their marriage by the plaintiff to the defendant), and that the plaintiff was to be made beneficiary of a stated policy of life insurance which the defendant would procure and maintain in force. The stipulation further provided as to the $10,000 obligation that all payments made by the defendant pending the action and as alimony under the stipulation and decree were to be credited thereon; and that in the event of the plaintiff's remarriage, the balance due on account of that obligation was to be paid in installments in such amounts as are reasonable under the then existing circumstances, not to exceed $25 weekly. The stipulation was presented for the consideration of the New Jersey court. The decree granting the divorce directed payment of $63 weekly alimony and approved the stipulation, of which a copy was attached to the decree. The plaintiff later remarried, and the decree was thereafter modified by the elimination of the alimony provisions. The defendant has failed altogether to provide the policy of insurance as required, and for some time has failed to make any periodic or other payments on the specific monetary obligation, although financially able to do so. The defendant has been for several years a resident of the State of New York. He has his place of business in the City of New York. All of his property is located and his income arises outside of the State of New Jersey.

Alleging that she is unable to reach any of the property or income of the defendant pursuant to the New Jersey decree (copies of the stipulation, decree and modification are attached to the complaint), the plaintiff asserts that she will be entirely without remedy unless the relief she prays for here will be granted. The requested relief is substantially as follows: That the New Jersey decree be made the judgment of this court;

that there be a declaration as to the amount unpaid on the monetary obligation; that the defendant be directed to deliver to the plaintiff a policy of life insurance in the stipulated sum with the plaintiff as irrevocable beneficiary and that the defendant pay the future premiums thereon; that the defendant give security; that his property be sequestered; and that the defendant be enjoined from disposing of his assets pending performance and payment; and for other relief.

The matter comes before me by way of the defendant's motion to dismiss the complaint for alleged insufficiency upon its face (Rules Civ. Prac., rule 106, subd. 4). At the outset, therefore, let me note that, in considering an objection that the complaint on its face does not state facts sufficient to constitute a cause of action, the court is concerned solely with the question of the sufficiency of the pleading as determined by the allegations contained in it, and the prayer for relief is not generally part of the cause of action set forth in the complaint. While the '' demand of the judgment to which the plaintiff supposes himself entitled '' is an essential element of the pleading (Civ. Prac. Act, § 255), it may not be considered in determining whether the complaint states a cause of action (*Lonsdale* v. *Speyer,* 249 App. Div. 133, 141). If the complaint states a cause of action, it will be sustained as long as some appropriate relief may properly be given. And if the plaintiff is entitled to recover upon any aspect of the facts stated in the complaint, it should not be dismissed (*Curren* v. *O'Connor,* 304 N. Y. 515). So, it is of no consequence upon this motion that the plaintiff may have asked for the wrong relief or that she may not be entitled to all the relief she seeks. '' [A]sking for too much does not spoil a complaint; the trial court takes care of that '' (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480). With these axioms as background (see *Bentrovato* v. *Crinnion,* 206 Misc. 648, 654), I have no hesitancy in holding that there is no merit in any of the grounds submitted by the defendant for a dismissal of the complaint.

The defendant urges first that, as the agreement was a stipulation in the New Jersey litigation, it was enforcible there only, not here. The defendant contends further that, as the prejudgment settlement arrangements were approved in and made a part of the divorce decree, the agreement as such had spent its force and could not be sued upon. I point out, in passing, and not as determinative, that the stipulation did not expressly provide that it was entered into solely for the purposes of the New Jersey suit and for no other. Nor did it contain a pro-

vision that, upon court approval, the stipulation and all of its terms were to be merged into the decree. What is, I think, determinative on this phase of the defendant's argument, is that in her complaint the plaintiff does not rely upon the stipulation alone or upon the New Jersey decree alone — she pleads both and must therefore be taken to rely upon both. What the legal situation might be had she based her claim upon the stipulation without more is not before me. There will be time enough to grapple with that problem if and when it should arise. For present purposes it will suffice, I think, to say — as to the first contention — that a stipulation in an action may, in certain clauses and under certain circumstances, be in fact an agreement as well, independent of and enforcible beyond the confines of the litigation itself. And — as to the second — judicial approval of the agreement, with its property settlement terms, need not willy-nilly be taken to mean the kiss of complete death for both the agreement and the decree. For, while incorporation in the judgment there obviously was, total extinction there necessarily was not (cf. *Schnitzer* v. *Buerger,* 237 App. Div. 622). Some provisions of the agreement as approved and made a part of the decree survive the decree and the modification (cf. *Hettich* v. *Hettich,* 304 N. Y. 8, and *Schmelzel* v. *Schmelzel,* 287 N. Y. 21), and those provisions may be enforced in this equity action.

The defendant urges also that, as the New Jersey decree is subject to modification in the courts of that State, the decree is not final and, therefore, it is not enforcible in this State. That does not follow, at least as a matter of law, in the light of the nature of the stipulation and of the decree involved here. I have had occasion to note elsewhere that " [m]arriage, like other legal relationships, consists of the proverbial bundle of rights and corresponding duties and should not be considered merely a single entity " (*Gelman* v. *Gelman,* 207 Misc. 1032, 1035). I take occasion now to say that a judgment in a matrimonial action may, and frequently does, consist of a bundle of decretal clauses — some having to do with the status of the marriage itself, some with custody of infants, some with future maintenance of spouse and issue, some with property dispositions, some with property settlements. Some of the portions of the judgment always remain subject to later judicial action; other portions do not. In the instant case, while, of course the contractual provision for the payment of weekly alimony in the future was subject to the discretion of the Court of Chancery in New Jersey, which might at any time alter it —

and thus, in this respect, the decree was not a final judgment entitled to the constitutionally required "full faith and credit" in this State — the provisions for the payment of the specific total sum and for life insurance protection appear to be independent clauses of the agreement finalized in the decree, and, as such, are here enforcible (cf. *Lynde* v. *Lynde,* 181 U. S. 183, and *Halvey* v. *Halvey,* 330 U. S. 610). As in the *Goldfish* case (193 App. Div. 686, affd. 230 N. Y. 606, *infra*), the decree now contains no provision over which the court making it has any reserved power to modify, and it is, therefore, final.

Section 1171 of the Civil Practice Act establishes, among other things, certain methods for the enforcement of the support provisions of a "judgment rendered in another state for divorce upon the ground of adultery". The defendant argues, from that, that the plaintiff is seeking to invoke section 1171, and that the plaintiff is not entitled to relief pursuant to that section — since the foreign decree as modified no longer provides for support, and the property settlement therein provided for cannot be thus enforced. The vice in the contention thus urged is that the defendant has set up a straw man and is relying upon a *non sequitur.* While it is quite true that the property settlement agreement (the performance of which, as embodied in the New Jersey decree, this action was brought to compel) is not enforcible pursuant to section 1171, it does not follow that it is not enforcible otherwise — that is, in equity and in this action. This section of the Civil Practice Act is not exclusive. Its enactment was not intended to narrow the equity jurisdiction of the court; its purpose was to broaden the permissible area of the relief which might be granted by the court.

In the circumstances pleaded in this case, it is clear that the New Jersey judgment was and is more than a support decree in a matrimonial action. The decree adjudicated the marital status and fixed alimony payments. And it also approved a property settlement, the provisions for which were to survive remarriage. The subsequent elimination from the decree of the alimony clause did not affect the decree with respect to the other provisions. The obligations to pay the balance of the debt and to furnish insurance for the plaintiff's benefit remain and are enforcible. The substance and the nature of the judgment to be rendered in this court — as to the insurance and the balance due on the debt — will be determined after trial. What a court of equity will do with respect to the insurance will depend on the existing facts and circumstances as to ability to comply with the agreement or decree (*McNamara* v.

*McNamara,* 256 App. Div. 370). And, since the agreement and directive to make the total $10,000 payment in periodic installments are valid (see *Goldfish* v. *Goldfish,* 193 App. Div. 686, affd. 230 N. Y. 606), what the court will do with respect to fixing the amounts of the installments of the balance due must also await, among other things, perhaps, proof as to what sums (in the language of the agreement) "are reasonable under the then existing circumstances not to exceed $25. a week."

The defendant's motion to dismiss the complaint for alleged insufficiency on its face is denied, with usual leave to answer.