Matthew M. Levy, J.
The defendants, separately, move for dismissal of the complaint for legal insufficiency (Rules Civ. Prac., rule 106, subd. 4); The complaint is short, and it will be worthwhile to record its relevant substance at the outset: Plaintiff “ employed defendants as its agents to procure for it certain publicity on television .station "WOR-TV for a period of 13 weeks commencing with the week of July 6, 1959, and defendants accepted the said employment and promised and *439 agreed to procure said publicity for -said period of time Plaintiff ‘ ‘ has performed all the terms and conditions of said employment agreement on its part to be performed “ Defendants wholly neglected and failed to procure said publicity for plaintiff * * * and as a consequence thereof plaintiff was deprived of said publicity “As a result of the failure of defendants to procure said publicity for plaintiff * * * the plaintiff was severely damaged in that its publicity campaign was not a success and in that it failed to earn substantial sums of money which it would otherwise have earned
The defendants urge that the plaintiff has failed to allege a contract of employment. On that issue, I disagree. For, inasmuch as it is alleged, in paragraph Third of the complaint, that -the plaintiff employed the defendants and that the defendants accepted -said employment, we do have mutual (albeit partially implied) promises as between employer and employees. And it is further therein alleged that, by that employment, the defendants were to procure for the plaintiff certain television publicity for a period of time. It is, in effect, contended by the defendants that going that far is not going far enough. And, in this respect, I agree. For this pleading does not, with adequate ultimate specificity, define the limit of authority in the defendants to incur obligation for which there is a correlative implied promise on the plaintiff’s part to pay, nor the extent to which, by virtue of the defendants’ acts, the plaintiff may become obligated to make payment for the expenses incurred.
In my view, the plaintiff’s allegation of performance on its part is nugatory, no.t because rule 92 of the Rules of Civil Practice has not been satisfied (cf. Lupo v. Columbia Manicure Mfg. Co., 4 Misc 2d 413, 416 ; Di Mino v. Old Town Corp., 4 Misc 2d 962, 963), but because it i-s not alleged in the complaint what it was .that the plaintiff was to perform. As I have hereinbefore said, neither the extent nor the limit of the plaintiff’s undertaking or obligation has been pleaded. And, as I ,see it, this allegation is a sine qua non to the sufficiency of, particularly, this type of cause -of action.
The plaintiff cites Grossman v. Schenker (206 N. Y. 466). It was there alleged that the parties had mutually agreed that the payment to the plaintiff would be $500 for superintending certain construction and alteration. The principle of this case is clear, but it is not an authority upon which the present complaint may be sustained. There, at least, the specific job to be done was agreed upon, and the amount of compensation to be paid by the employer to the employee was specifically fixed. Superintendence was stated as the employee’s undertaking. The *440 implied obligation to perform was properly inferred. But the phrase in the case at bar — “ to procure certain publicity ” — cannot be equated with “ superintendence ”. For the present is not a suit on an employment which involves merely the defendants ’ compensation, but it envisages as well the cost of publicity and of the services and materials obtained to that end. For example, it is not, without more, to be supposed that the defendants’ undertaking to procure publicity meant that they could cause the plaintiff to be bound — by the defendants’ assumption in the performance of their contract of employment — for the payment to third parties for publicity which might amount to $1,000,000. Yet, it was the procurement of such publicity, the obligation as to which was undertaken by the defendants and which the plaintiff claims that they did not perform.
There are, no doubt, implied mutual promises (Wood v. Lucy, Lady Duff-Gordon, 222 N. Y. 88, motion for reargument denied 222 N. Y. 643). But, so far as this complaint is concerned, what they are must be guessed. And that is a hollow bottom upon which to base a cause of action for breach of contract. It cannot reasonably ibe said that the implied promise on the plaintiff’s part to pay was unlimited, regardless of what the defendants did in performance. Details by way of a bill of particulars may not serve to furnish, for the first time, the inner or outer limits of the defendants ’ undertaking encompassing the plaintiff’s obligation to pay for expenses incurred. A bill of particulars here, at best, Would remedy the defect and make the complaint good. That is not the proper function of a bill. That, in our practice, is what a complaint must do.
Nor can it be ascertained what damage could possibly flow from a breach of a contract which does not indicate the extent and nature of the publicity to be -secured for the plaintiff and for which the plaintiff would have to pay. It is alleged in the complaint that, as a result of the defendants’ failure of performance, the plaintiff was “ damaged in that its publicity campaign was not a success and in that it failed to earn substantial sums of money which it would otherwise have earned. ’ ’ Apart from the fact that this seems to present a very tenuous ground for ascertainment of damage, it would appear from the allegation that the defendants’ part in the picture was only partial.and .that there were additional elements in the campaign. ‘ ‘ There is no requirement that the measure of damages shall be stated in the complaint when facts are alleged from which damages can properly be inferred ” (Lurie v. New Amsterdam Cas. Co., 270 N. Y. 379, 382). In my opinion, no such facts are stated here.
*441 On the whole, I find that the complaint is insufficient in law in that, on its face, it fails to allege facts constituting a cause of action. Accordingly, the defendants’ respective motions to dismiss the complaint are granted, with leave to the plaintiff to serve an amended complaint within 20 days after service of a copy of the orders hereon with notice of entry.