Henry J. Latham, J.
This is a motion by the defendant “ I. Requiring the plaintiffs to serve an amended complaint so as to make the first and third Cause of Action more definite and certain, to enable the defendant to frame an answer. II. Dismissing the second Cause of Action on the grounds that it does not state facts sufficient to constitute a Cause of Action. III. Dismissing the fourth Cause of Action on the grounds that it is redundant and repetitious. IV. Dismissing the fifth Cause of Action on the grounds that the Court lacks jurisdiction.”
The motion is entirely without merit and is in all respects denied.
The first and third causes of action, which are sought to be made “more definite and certain, to enable the defendant to frame an answer ” are clear, concise and definite. They set forth the written agreement between the parties, show due performance by the affected plaintiffs and default by the defendant.
The attack on the second cause of action which is sought to be dismissed ‘ ‘ on the grounds that it does not state facts sufficient to constitute a Cause of Action” is apparently based on the contention that an action for specific performance does not lie to compel the defendant to maintain “hospitalization, surgical and medical insurance benefits and coverage for plaintiff, anna r. naughton, and the three children of the defendant” although the agreement between the parties in paragraph 6-f thereof provides that: ‘ ‘ The Party of the Second Part herewith agrees to keep in force all existing hospitalization, surgical and medical insurance policies now in force.” Such a provision is enforcible by a decree in specific performance. (McNamara v. McNamara, 256 App. Div. 370; Prouty v. Drake, 208 Misc. 540.)
In the McNamara case (supra), Special Term dismissed the action by the plaintiff wife for specific performance of covenants of a separation agreement. Those covenants dealt with keeping-certain insurance policies alive. In reversing Special Term and reinstating the complaint, the court said (pp. 371-372):
“ On this state of facts plaintiff demands judgment against defendant directing him to reinstate the policy, or procure and deliver to plaintiff a similar policy or a $25,000 surety company bond guaranteeing to her full and faithful performance of the agreement and that amount in cash if defendant predeceases her.
*167 ‘1 Defendant contends that plaintiff is not in equity entitled to specific performance on the ground that he has fully performed and plaintiff has an adequate remedy at law. The Special Term sustained these contentions and dismissed the complaint.
“ The alleged performance in the alternative is the procurement of the $25,000 insurance policy which was thereafter allowed to lapse. But the object sought to be secured by the agreement was a continuing life insurance policy procured and maintained by defendant during the life of the wife, and the agreement expressly provides that the husband is 1 to keep the said insurance effective at all times during the life of Mrs. McNamara.’ Obviously anything short of that is not performance. Defendant’s interpretation of the contract is without basis, clearly not within the contemplation of the .parties, and indeed in violation of the express terms of defendant’s covenant.
“We also consider there is no merit to the contention that plaintiff has an adequate remedy at law.”
The motion to dismiss the fourth cause of action is made “ on the grounds that it is redundant and repetitious ” of the third cause of action. Both causes of action are similar except that in the third cause of action the plaintiffs are “William A. Roberts, in his representative capacity, and plaintiff, Anna R. Naughton, in her representative capacity” and in the fourth cause of action the plaintiff is Anna R. Naughton, individually. Each cause of action is based upon the alleged failure of the defendant to continue to contribute to a trust fund established by agreement between the parties. Paragraph 6-h of that agreement reads as follows: “ The parties hereto agree that there shall be set up a trust fund to be used solely for the education of the infant issue of the marriage to which trust fund the Party of the Second Part agrees to contribute the sum of $1,500.00 within thirty days from the date hereof and the parties shall both contribute thereto such further sums as shall be proper and in their discretion and the parties hereto hereby nominate, constitute and appoint the maternal grandfather of the said infant issue, to wit: William A. Roberts, to act as Trustee thereof and in the event of his death, they herewith nominate, constitute and appoint, Joseph Y. Roberts, to act as such Trustee or in the event that both of such trustees shall die, that then a Bank or Trust Company mutually agreeable to the parties shall become the Trustee thereof.”
It should be noted that the reason for the establishment of the trust fund is so that there shall be moneys available to be used solely 11 for the education of the infant issue of the marriage to which trust fund the Party of the Second Part *168 [defendant] agrees to contribute the sum of $1,500.00 within thirty days from the date hereof and the parties shall both contribute thereto such further sums as shall be proper and in their discretion.” (Italics supplied.) The complaint alleges the contribution of $1,500 by the defendant but that he has failed and defaulted in making any further payments and that the plaintiff Anna B. Naughton alone has been compelled to expend moneys for the education of the children.
The agreement expressly contemplates additional contributions to the children’s education fund to be made by both parties in ‘ ‘ sums as shall be proper and in their discretion ’ ’. If this means that the defendant was privileged not to contribute anything if he so felt, then the third and fourth causes of action are clearly insufficient on their face. If, on the other hand, the language is susceptible of interpretation that the parties intended additional contributions for their children’s education to be made as necessary and in amounts commensurate with their financial circumstances at the time when required, the plaintiff’s complaint should not be dismissed summarily. This court is of the opinion that the contract is susceptible of the latter meaning although imperfectly expressed. Under these circumstances, the intention of the parties must be ascertained in light of the surrounding facts and circumstances and parol evidence is admissible for that purpose. (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 56; Martin v. Crumb, 216 N. Y. 500, 505.)
“ Likewise, where words used in a written contract are susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject matter of the instrument and parol evidence may be admissible to clear up any ambiguity in the language employed.” (Smith v. Smith, 277 App. Div. 694, 695.)
In denying the motion in its entirety, attention is called to the fact that affidavits have no place in support of a motion such as this which must be determined upon the face of the complaint itself.
Submit order denying the motion in its entirety and giving the defendant 10 days in which to answer.