Matthew M. Levy, J.
This is not a motion for summary judgment (Rules Civ. Prac., rule 113), as stated in plaintiff’s answering affidavit — which, on the present motion, must be ignored (Harris v. Averick, 24 Misc 2d 1039, 1041; Spring v. Moncrieff, 208 Misc. 671, 678). It is a motion by the defendant, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, for an order dismissing the first and second causes of action of plaintiff’s amended complaint upon the ground that each fails to state facts sufficient to constitute a cause of action.
*11 Taking into account the documents of agreement annexed to the complaint as a part thereof (cf. Arthur Schlanger & Sons v. Beaumont Factors, 205 Misc. 943, 945), the plaintiff sets forth a first cause to the effect that, under a written contract between the parties, the plaintiff was to act as exclusive national sales agent for the defendant, and was to be compensated at the rate of 3%% commission on all goods sold by the defendant. The contract, to endure for a trial period of one year, was to become effective January 1, 1961, to be automatically renewable for a second year provided the defendant’s sales were at least $350,000 during the first year. Subsequently, certain minor modifications were agreed upon and, in the event total business in any one year reached $500,000, the defendant would pay to the plaintiff a $1,500 bonus at the end of the year. It is further alleged in the first cause of action that the plaintiff duly performed and, upon information and belief, that, from the date of the making of the agreement, the plaintiff earned commissions pursuant to the agreement totaling $15,000, which sum (less $4,678.04 said to have been paid by the defendant) is allegedly “ a balance due and owing from defendant to plaintiff ’ ’.
The defendant urges that plaintiff’s first cause of action is defective on its face because there are no factual allegations as to what the defendant’s sales figures were to support the plaintiff’s claim for the sum of $15,000, and that the plaintiff’s claim as to this sum is a bare conclusion. The plaintiff’s response is that he is not aware of the amount of the defendant’s sales, and, therefore, that he should not be expected to plead it. In my view, the defendant has the better of the argument, for — just as the plaintiff has alleged “ upon information and belief that * * * plaintiff earned commissions pursuant to said agreements totaling $15,000.00” — he can allege similarly the amount of sales upon which the allegedly earned commissions were computed by him. With such fact pleaded (Civ. Prac. Act, § 241) it would be of no consequence that the plaintiff may not be entitled to the precise relief or all the relief sought. (See Prouty v. Drake, 208 Misc. 540, 543.) If, as claimed by the plaintiff, the amount of sales is a matter peculiarly within the defendant’s knowledge, the plaintiff will undoubtedly be aided in overcoming this hurdle in proof by an appropriate discovery and examination of the defendant before trial. (Cf. Boyle v. Wegman, 25 Misc 2d 193.)
In Blaney v. Metropolitan Cas. Ins. Co. (247 App. Div. 858) a complaint alleging indebtedness without disclosing the transaction giving rise thereto was held insufficient. In O’Brien v. City of Rome (262 App. Div. 940) allegations of wrongdoing *12 based upon undisclosed facts were held insufficient. In Frank v. New York Cas. Co. (2 A D 2d 835) the complaint was held subject to dismissal where factual recitals as to the making of the contract and breach thereof were omitted. In Acoustic Chem. Corp. v. Gottlob (22 Misc 2d 438) the complaint was dismissed where it failed to allege the extent of the obligations of the parties.
I have come to the determination that — while, perhaps, the point made by the defendant is highly technical and, in the long run of this litigation, justice would be achieved whether the motion be granted or denied — the bare allegation of commissions earned is conclusory, in the absence of any statement that sales were made upon the basis of which the commissions claimed were in fact earned. The first cause of action is therefore dismissed, but without costs and with leave to replead.
In the plaintiff’s second cause of action, founded upon the provision for renewal of the contract for a second year, he repeats the allegations of the first count relating to the making of the agreement, setting forth its terms, including the provision for automatic renewal, and alleging full performance by him. He then pleads the defendant’s breach of this agreement because of the defendant’s refusal to pay him the commissions claimed to be due and owing to him for the period from January 1, 1962 through December 31, 1962, for which the plaintiff is suing in the first cause, that as a result he has been damaged in the sum of $15,000, and that he has, without success, made due demand upon the defendant in that amount. Plaintiff asks judgment in the sum of $15,000 on this second cause of action.
The defendant urges that the second cause of action is defective (1) because the suit, one at law, is premature, in that the commissions claimed were to be earned for the period January 1, 1962 through December 31, 1962, whereas the complaint was verified on November 19,1961 and the action was commenced by service of the summons and complaint on November 22, 1961; (2) because the defendant’s failure to pay commissions previously accrued does not authorize a suit for commissions not yet earned; and (3) because there is no allegation that the renewable contract was in fact renewed for the yearly period of 1962.
In my view, the plaintiff’s second cause of action, as pleaded, is vulnerable. Its defect does not lie, contrary to the defendant’s contention, in that suit thereon was prematurely brought for commissions not yet earned. A suit for anticipatory breach of an executory personal service contract is a recognized cause of action. (See, e.g., Davidson v. Odell, 255 App. Div. 791.) And, of course, the material breach of a contract, performance of *13 which has begun, will justify an immediate action for all damages, past, present and future (4 Corbin, Contracts [1951], § 946). The case cited in the defendant’s memorandum as contra, W. K. Ewing Co. v. New York State Teachers’ Retirement System (23 Misc 2d 812) is not in point. It is not authority for the defendant’s contention that there can be no action to recover damages resulting from a breach depriving plaintiff of commissions to be earned. The case turns on the proposition that the contract itself specifically provided that, in event of breach, defendant would make monthly payments to plaintiff over a five-year period and, because of this express provision, the court held that plaintiff could not maintain an action for installments to come due in the future, but only for those that had accrued.
As I see it, the defect in the plaintiff’s second cause of action lies rather in the fact that the plaintiff has not alleged a case of anticipatory breach. In the first place, a reading of the plaintiff’s complaint reveals a failure to allege that the contract came into being for the second year. A party suing on a contract must allege the existence of the contract (Samson United Corp. v. Udylite Corp., 276 App. Div. 947; Bradner v. Canterbury Homes Inc., 116 N. Y. S. 2d 252). Here, the plaintiff would have to allege the amount of the defendant’s sales, showing that it reached the required figure in 1961, and that, as a contractually stipulated consequence, the agreement was automatically renewed for the year 1962.*
In the second place, the plaintiff has failed to set forth facts sufficient to show anticipatory repudiation by the defendant of this second year’s contract. In coming to this determination, it is not necessary for me to hold that, on the basis of the written documents upon which the cause of action is grounded, the second year’s contract is essentially a severable and independent agreement from the first. Nor need I here determine the question of the applicability of the provisions of section 245-a of the Civil Practice Act, in reference to recovery of future installments coming due under a contract after suit thereon and pending trial — the plaintiff has not in this pleading or in his submission invoked this statute. Suffice it to hold, on the present *14 motion, that the allegation of failure to pay commissions allegedly due for the first period is not an allegation of revocation or diminution of the agreement but, at best, an allegation of breach of contract by failure to pay.
Taking the plaintiff’s allegations to be true and favorably— as one must, of course, on a motion to dismiss (Faroll v. National Sur. Corp., 26 Misc 2d 548, 551) —there is here no allegation that the defendant, by unambiguous conduct, repudiated in advance the second year’s contract and thereby justified immediate suit for the future payments to be due under it. Nor is there any allegation of wrongful discharge. All that the plaintiff has pleaded is breach of the first year’s contract in that the defendant has not paid the commissions allegedly due thereunder.
The plaintiff’s second cause of action is therefore also dismissed as insufficient, pursuant to the defendant’s motion, with leave to replead, and without costs.

 I think that a caveat should be noted at this point for the benefit of counsel in respect of any future pleading on this issue. Merely because the plaintiff’s suit was instituted in November, 1961, before the end of the first year, does not necessarily mean that the contract could not yet have been renewed for the year 1962. The amount of the defendant’s sales could have reached the specified figure before December 31, 1961, and thereby the existence of the contract for the second year, commencing January 1, 1962 was established.