WIDENER, Circuit Judge, concurring and dissenting in part:
I concur in parts I and II of the majority opinion and the decision that the district court’s award of damages in addition to those awarded by the jury violated Griffin’s Seventh Amendment right to a jury trial. I join its decision to vacate the supplemental award. However, I disagree with part III of the opinion, except the first paragraph thereof, as it affirms the district court’s declaratory judgment. To that I respectfully dissent. The district court’s declaratory judgment should be vacated essentially because it grants to WEGCO the remedy of specific performance of a contract for personal services, a remedy long repugnant to Maryland law, and, as well, it splits a cause of action.
Maryland Courts have followed a functional approach when deciding whether to award a remedy that, while nominally different, has the same effect as specific performance. In M. Leo Storch Ltd. Partnership v. Erol’s, Inc., 95 Md.App. 253, 620 A.2d 408, 414 (1993), the Maryland Court of Special Appeals treated a request for an injunction to prevent the defendant from breaching a continuous operations clause of a lease as a request for specific performance. The plaintiff asked that the court “enter a simple order that says, you may not continue to breach the continuous operations clause.” 620 A.2d at 412. The court refused to do so stating that “Maryland Courts have allowed injunctive relief ... as the functional equivalent of specific performance. However, a suit for an injunction which seeks to accomplish all the purposes of a decree for specific performance is subject to the principles which apply to an application for the latter remedy.” 620 A.2d at 411 (internal quotation marks and alterations omitted). The District court’s order in the instant case declared that the services agreements remained in effect and ordered that the parties “shall comply with the compensation provisions of the two Services Agreements and perform as required in the future.” (italics supplied). It is evident that the district court’s declaratory judgment here is nearly identical to the relief that the M. Leo Storch court denied because it was the functional analogue of specific performance. Because *76 the declaratory judgment here operates as a grant of specific performance, the District court should have inquired into whether the latter remedy was appropriate.
Maryland will not “ordinarily enforce a contract for personal service,” the reason being that “the mischief likely to result from the enforced continuance of the relationship incident to the service when it has become personally obnoxious to one of the parties is so great that the best interests of society require that the remedy be refused.” See Fitzpatrick v. Michael, 177 Md. 248, 9 A.2d 639, 641 (1939). Fitzpatrick refused to enforce a contract in which an elderly man whimsically, arbitrarily and unjustly refused to honor a contract to provide a home in return for the personal services of a long time nurse and companion. The court reasoned that specific performance of the personal services contract should be denied because “it would compel him to accept the personal service of an employee against his wish and his will,” Fitzpatrick, 9 A.2d at 643, exactly the situation which pertained here. Under the terms of the services agreements, WEGCO is to provide business advice and services to Griffin. It is clear that Griffin no longer wants the advice and services and it has formally severed the contractual relation for which breach of contract WEGCO has sued. The declaratory judgment awarded by the district court would require Griffin to continue to receive unwanted advice and services and to maintain a relationship that would be obnoxious to him, especially considering the present hostility. A contract for providing advice, whether it be for personal or business purposes, will abide only so long as confidence and trust remain. When these aspects vanish, the possibility for successful enforcement of a relationship based on them also vanishes and specific performance is therefore inappropriate. “ ‘It is not for the interest of society that persons who are not desirous of maintaining continuous personal relations with one another should be compelled so to do.’”[1] Fitzpatrick, 9 A.2d at 641.
Aside from the difficulties peculiar to personal service contracts, specific performance and its equivalents are inappropriate because judicial supervision of the performance required under these services agreements would be of long duration and has the potential of becoming quite diffi *77 cult. M. Leo Storch, 620 A.2d at 413. Furthermore, specific performance is denied particularly when, as in this case, a legal remedy was available. WEGCO’s legal remedy was for damages for total breach of contract, including future damages. See Friedman v. Katzner, 139 Md. 195, 114 A 884, 887 (1921) (recognizing suit for anticipatory repudiation and holding that such a suit “excused the vendor from further performance.”); 13 Williston on Contracts § 39:37 (4th Ed. 2000) (relying on Restatement (2nd) Contracts, § 253, comment b) (stating that “a breach by repudiation gives rise to a claim for damages for total breach.”). See also Rozay v. Hegeman Steel Products, Inc., 37 Misc.2d 10, 234 N.Y.S.2d 647, 650 (N.Y.Sup.Ct. 1962) (stating that “suit for anticipatory breach of an executory personal service contract is a recognized cause of action ... [and] the material breach of a contract, performance of which has begun, will justify immediate action for all damages, past, present, and future”). WEGCO asked for future damages in its complaint but failed to present evidence about what those future damages would be. WEGCO did not request jury instructions on determining future damages. Nor did WEGCO object to the absence of an instruction on future damages. It appears, therefore, that WEGCO has waived any claim it may have had to future damages. Fed.R.Civ.P. 51.[2]
Perhaps recognizing its mistake in failing to prove, or even argue for future damages, WEGCO seeks to preserve its position although it has split its cause of action as prohibited under Maryland law. In In re Carlin’s Estate, 212 Md. 526, 129 A.2d 827, 831 (1957), the Maryland Court of Appeals stated that “[i]t is well established that a single cause of action or an entire claim cannot be split up or divided and separate suits maintained for the various parts thereof.” See also Levin v. Friedman, 271 Md. 438, 317 A.2d 831, 835 (1974). The policy behind this rule is the prevention of a multiplicity of litigation and avoidance of the vexation, costs and expenses incident to more than one suit on the same cause of action. Jones v. Speed, 320 Md. 249, 577 A.2d 64, 68 (1990). Yet, this is exactly what will occur here. Any extension or modification of the government contracts, for example, will entitle Griffin to services from WEGCO and WEGCO to payment from Griffin. It may not even be doubted, that under the declaratory judgment WEGCO has received, Griffin will receive advice and services it no longer wants, that sufficiency of performance on the part of both parties will arise in the future, and the court will become entangled in this dispute once again.
For the foregoing reasons I would vacate the district court’s grant of declaratory judgment that the services agreements are still in force.

. This contract does not fall under the exception allowing specific performance of some personal service contracts where the party rendering the service has substantially or fully performed. See Ledingham v. Bay less, 218 Md. 108, 145 A.2d 434, 440 (1958) (enforcing contract to make will to devise one half interest in land where plaintiff had fully rendered personal services in accordance with agreement); Snodgrass v. Stubbs, 189 Md. 28, 48, 54 A.2d 338, 347 (Md.1947). See also Stamatiades v. Merit Music Service, 210 Md. 597, 610, 124 A.2d 829 (1956) (granting injunction to prevent restaurant owner from removing or disconnecting service provider's vending machines). The contracts at issue in the instant case contemplate continuing performance on the part of WEGCO; it must render business advice and other services to Griffin for the life of the underlying government contracts. For example, the New Alexandria Agreement states that “this Agreement shall remain in effect for the duration of any government contract, including any and all extensions, options, modifications, extra change orders, novations, or follow-on con-tracts.” For example, should Griffin seek an extension or renewal of the government contract, WEGCO would be required under the Agreement to “assist in negotiating renewal options.” Under these circumstances, Maryland follows the Illinois rule that " '[cjontracts which by their terms stipulate for a succession of acts, whose performance cannot be consummated by one transaction, but will be continuous, and require protracted supervision and direction, with the exercise of special knowledge, skill, or judgment in such oversight, are not, as a rule, specifically enforced.’ ” M. Leo Storch, 620 A.2d at 413.

. Instructions number B-15 and B-16 which were given to the jury, without objection, under any ordinary reading of Maryland law contemplate the award of future damages. See National Micrographics Systems, Inc. v. OCE-Industries, Inc., 55 Md.App. 526, 465 A.2d 862 (1983). The fact that the special verdict form, which also was not objected to, was treated by the district court as excluding future damages is proof certain that if WEGCO had any future damages it has either waived them or received them. WEGCO should not be allowed to blow hot and cold at the same time, indeed it offered instructions B-15 and B-16.